UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SHERRENA GREEN,

                 Plaintiff,

  -against-

PUBLIX SUPER MARKETS, INC.,

                Defendant.

Case No.

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Sherrena Green ("Plaintiff"), by her attorneys, Shavitz Law Group, P.A. and Morgan and Morgan, P.A., upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), as well as declaratory relief and all other relief this Court deems just and proper against Defendant Publix Super Markets, Inc. ("Defendant" or "Publix").

2. As more fully described below, during the relevant time periods, Publix failed to pay Plaintiff, who was an hourly paid employee, for all hours it suffered/permitted her to work for Publix, including all overtime hours.

## THE PARTIES

### *Plaintiff*

3.     Plaintiff Sherrena Green is a citizen and resident of North Lauderdale, Florida.

4.     Plaintiff worked for Publix as a non-exempt, hourly-paid Assistant Department Manager from approximately January 2021 to September 2023 at Publix stores in Delray Beach, Florida.

5.     From December 5, 2020 through approximately September 2023 ("FLSA Relevant Time Period"), Plaintiff was an "employee" of Publix within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

6.     On December 5, 2023, Plaintiff filed a consent to join form in the matter of *Roberts, et al. v. Publix Super Markets, Inc.* (Case No. 8:23-CV-02447-WFJ-CPT).[1]

### *Defendant*

7.     Publix is a Florida corporation with its principal place of business in Lakeland, Florida.

---

[1]     Plaintiff filed a Consent to Join form on December 5, 2023 in the putative collective action *Roberts et al. v. Publix Super Markets, Inc.*, 8:23-cv-02447-WFJ-CPT (M.D. Fla.). By Order on January 15, 2025, Plaintiff's statute of limitations was tolled for 60 days until April 15, 2025 to provide the opportunity for Plaintiff to refile. *Id.*, Docs. 165 and 175. Thus, the three-year statute of limitations for Plaintiff's FLSA claims reach back to December 5, 2020.

8.　　Publix operates supermarkets in Florida, Georgia, Alabama, South Carolina, Tennessee, North Carolina, and Virginia.

9.　　During the FLSA Relevant Time Period, Publix was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.　　During the FLSA Relevant Time Period, Publix employed Plaintiff within the meaning of the FLSA.

## JURISDICTION AND VENUE

11.　　This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, *et. seq*.

12.　　 This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13.　　Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff worked for Publix within this District and a substantial portion of the facts giving rise to this action occurred within this District.

14.　　At all times material to this Complaint, Publix was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

15.    Publix's annual gross receipts for the three years preceding the filing of Plaintiff's consent form in *Roberts* and this lawsuit exceeded $500,000.00.

## FACTUAL ALLEGATIONS

16.    Plaintiff was employed by Publix as an Assistant Department Manager in its deli department in its grocery stores in Delray Beach, Florida.

17.    During the FLSA Relevant Time Period, Publix classified Plaintiff as a non-exempt employee under the FLSA who must be paid overtime compensation for hours work over 40 in a workweek.

18.    During the FLSA Relevant Time Period, Publix paid Plaintiff an hourly rate of pay as an Assistant Department Manager.

19.    During the FLSA Relevant Time Period, Publix has used physical timeclocks located inside its grocery stores to record hourly paid employees' hours worked, including Plaintiff's hours worked.

20.    During the FLSA Relevant Time Period, Publix did not provide a method by which she could record all hours worked outside her assigned Publix store.

21.    While working at Publix, Plaintiff was scheduled to work a specific number of hours each workweek.

22.    Publix intended for Plaintiff and other hourly paid employees to work a specific number of targeted hours each week so that it could stay within its targeted budgeted hours each week for her assigned store.

23.    During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff was scheduled to work a target number of regular and overtime hours each workweek.

24.    During the FLSA Relevant Time Period as an Assistant Department Manager, if Plaintiff exceeded the overtime hours she was permitted or targeted to work during a workweek, her name would be flagged as an employee who was exceeding the targeted overtime hours on the schedule.

25.    It was not a positive work metric to be a Publix employee who exceeded the overtime hours scheduled or targeted for you at Publix.

26.    During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff could not complete the work required by Publix during the number of hours allotted to her on the Publix schedule.

27.    During the FLSA Relevant Time Period as an Assistant Department Manager, if Plaintiff did not complete the work she was assigned to perform by Publix, she could be subjected to adverse employment actions.

28.    During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff worked off-the-clock prior to clocking in at the start of her shift and after clocking out at the end of her shift while inside her assigned Publix store, on required tasks including walking the department with supervisors, cleaning, organizing, stocking, and assisting customers, without pay.

29.    During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff's unpaid meal breaks were interrupted by work and Plaintiff was not paid for this time even though her lunch break was interrupted with work.

30.    During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff performed work off-the-clock outside her assigned Publix store picking up goods from other Publix locations and communicating with co-workers and supervisors via telephone calls and text messages about work-related matters including, but were not limited to, scheduling, staffing, operations, goods and supplies, and customers.

31.    During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff estimates that she worked on average 5 to 10 hours per week (off-the-clock) performing the tasked above in Paragraphs 28-30 without pay.

32.     During the FLSA Relevant Time Period as an Assistant Department Manager, Publix suffered or permitted, as defined by the FLSA, Plaintiff to work without pay.

33.     Publix had a duty to maintain accurate time records for Plaintiff and failed to do so in violation of the FLSA.

34.     Publix knew or should have known, as defined by the FLSA, that Plaintiff worked unpaid hours because Publix's supervisors and managers observed, witnessed and permitted off-the-clock work by Plaintiff.

35.     Publix's actions were willful and Publix did not act in good faith in compliance with the FLSA.

36.     Publix's failure to pay Plaintiff wages, including overtime wages, was inequitable and due to a corporate policy to limit labor expenditures, preserve corporate profits, and for the convenience of its operations.

## <u>FIRST CAUSE OF ACTION</u>
### FLSA– Unpaid Overtime Wages

37.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-36.

38.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

- 7 -

39.     During the FLSA Relevant Time Period, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

40.     During the FLSA Relevant Time Period, the overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Publix.

41.     During the FLSA Relevant Time Period, Publix is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42.     During the FLSA Relevant Time Period, Plaintiff was an employee of Publix within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

43.     During the FLSA Relevant Time Period, Publix has failed to pay Plaintiff all overtime wages to which she was entitled under the FLSA.

44.     Publix's violations of the FLSA have been willful and intentional.

45.     Because Publix's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

46.     As a result of Publix's willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

47.     As a result of the unlawful acts of Publix, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of liquidated damages, attorneys' fees and costs, as well as declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A.     Unpaid overtime wages pursuant to the FLSA;

B.     Liquidated damages in an amount equal to her unpaid overtime wages pursuant to the FLSA;

C.     Declaratory relief;

D.     Attorneys' fees and costs pursuant to the FLSA; and

E.     Such other relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:  April 4, 2025

                                                     */s/* Gregg I. Shavitz
                                                     Gregg I. Shavitz, Trial Counsel
                                                     Florida Bar No. 11398
                                                     Loren B. Donnell
                                                     Florida Bar No. 013429

Marilyn Linares
Florida Bar No. 1030948
**SHAVITZ LAW GROUP, P.A.**
981 Yamato Road, Suite 285
Boca Raton, Florida 33431
(561) 447-8888
gshavitz@shavitzlaw.com
ldonnell@shavitzlaw.com
mlinares@shavitzlaw.com

Ryan Morgan, Trial Counsel
Florida Bar No. 0015527
Andrew Frisch
Florida Bar No. 27777
Jolie Pavlos
Florida Bar No. 125571
**MORGAN AND MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
(407) 418-2069
rmorgan@forthepeople.com
afrisch@forthepeople.com
jpavlos@forthepeople.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on April 4, 2025, this document was filed via CM/ECF, and will be delivered electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/Gregg I Shavitz
Gregg I. Shavitz

- 10 -